UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 06-cv-01877-WYD

THE WEINTRAUB ORGANIZATION, LTD.,

    Plaintiff,

v.

CARRISAMAE MARTINEZ, formally known as CARRISAMAE EVANS, formally known as CARRISAMAE FREDERICK; and
STEPHEN MARSHALL EVANS,

    Defendants.
_____

## TEMPORARY RESTRAINING ORDER
_____

    THIS COURT, having considered Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order and having conducted a hearing on September 25, 2006, finds as follows:

    1.    The Court enters this Temporary Restraining Order based upon its consideration of the allegations set forth in the Verified Complaint for Injunctive Relief and Money Damages, and Jury Demand, as well as the statements set forth in Plaintiff's Motion for Temporary Restraining Order.  In addition, the Court enters this Temporary Restraining Order based upon the statements made by counsel for Plaintiff during a hearing held on September 25, 2006.

    2.    Plaintiff's Verified Complaint and Motion for Temporary Restraining Order set forth the following allegations:

    a.    Defendant Frederick and Defendant Evans were married, and upon

information and belief, living together as husband and wife until July 6, 2001.

   b. Defendant Frederick was employed by Plaintiff as controller from August 2, 2001 through July 21, 2006.  At the time Defendant Frederick terminated her employment with Plaintiff her annual salary was approximately $51,000.

   c. As controller, Defendant Frederick's job duties and responsibilities included, but were not limited to, oversight of accounts receivable and accounts payable, making deposits into Plaintiff's bank accounts, and reconciling Plaintiff's accounts.  Defendant Frederick did not have authority to sign checks on behalf of Plaintiff.  Rather, only Plaintiff's President, Jerry M. Weintraub, and Executive Vice-President, William E. Peters, had check signing authority.

   d. Beginning in June, 2004, Defendant Frederick entered into a scheme whereby she wrote approximately sixty (60) checks payable to "Stephen Evans" and forged the signature of Plaintiff's Executive Vice-President, William E. Peters, on each check.  Upon information and belief, Defendant Frederick then utilized various automated teller machines ("ATM") to deposit the checks in accounts with Bank of the West (f/k/a Commercial Federal Bank), which accounts were held in the names of Defendant Frederick and/or Defendant Evans.  Upon information and belief, funds from each forged check were subsequently withdrawn or transferred from the Bank of the West account(s) and utilized for Defendant Frederick's and possibly Defendant Evans' personal benefit.

   e. Upon information and belief, to hide Defendant Frederick's misappropriation of Plaintiff's funds, entries were made by Defendant Frederick into

-2-

Plaintiff's computerized accounts payable program using valid vendor codes.  Upon information and belief, Defendant Frederick would then manually change the payee on each check from the valid vendor associated with the code to Stephen Evans.

f.	Upon information and belief, each check payable to Stephen Evans was either cashed by a Colorado bank, or deposited into a Colorado bank.

g.	Each check payable to Stephen Evans was drawn upon Plaintiff's bank in Pennsylvania.

h.	Because Defendant Frederick was responsible for reconciling Plaintiff's accounts, Defendant Frederick received the statements from Plaintiff's bank in Pennsylvania and was able to hide the existence of checks written to Stephen Evans from her supervisors and other employees of Plaintiff.

I.	Using the process described above, Defendant Frederick and Defendant Evans misappropriated Plaintiff's funds in an amount exceeding $500,000.00.

j.	Upon information and belief, Defendant Frederick utilized Plaintiff's funds to make a down payment in the approximate amount of $72,000 on the purchase of a new home.

k.	Upon information and belief, Defendant Frederick utilized Plaintiff's funds to purchase furniture and other furnishings and personal property for her new home.

l.	Upon information and belief, Defendant Frederick utilized Plaintiff's funds to purchase a 2006 Honda Accord 4-door automobile from Kuni Honda.

m.	Upon information and belief, Defendant Frederick utilized Plaintiff's funds to purchase a diamond ring and to finance her honeymoon cruise.

3.      Based upon these factual allegations, the Court finds that there is a danger of real, immediate, and irreparable injury to Plaintiff because Defendant Frederick and Defendant Evans may transfer Plaintiff's funds out of savings accounts, checking accounts, etc.  In addition, Defendant Frederick and Defendant Evans may sell or transfer the real and personal property that they purchased, either wholly or partially, with Plaintiff's funds.  The threat of real, immediate, and irreparable injury can only be limited by issuance of a temporary restraining order.

4.      The danger of real, immediate, and irreparable injury to Plaintiff may be prevented by enjoining Defendant Frederick and Defendant Evans from transferring Plaintiff's funds out of savings accounts, checking accounts, etc. and by enjoining Defendant Frederick and Defendant Evans from selling, conveying, gifting, or otherwise transferring the real and personal property that they purchased with Plaintiff's funds.

5.      Plaintiff has no speedy or adequate remedy at law because absent the issuance of a temporary restraining order and the entry of a preliminary injunction, Plaintiff will lose the ability to trace and disgorge the funds stolen by Defendants.

6.      The conditions set forth in FED. R. CIV. P. 65(b) for the issuance of a Temporary Restraining Order are fully met by the facts and circumstances of this case as reflected by the Plaintiff's Verified Complaint and Motion for Temporary Restraining Order, as well as the statements made by Plaintiff's counsel during the hearing conducted on September 25, 2006.

IT IS THEREFORE ORDERED that Defendants are enjoined from transferring Plaintiff's funds out of savings accounts, checking accounts, etc. and Defendants are

further enjoined from selling, conveying, gifting, or otherwise transferring the real and personal property that they purchased with Plaintiff's funds.  It is

FURTHER ORDERED that the required security for the issuance of this Temporary Restraining Order is $5,000.00.  It is

FURTHER ORDERED that this Temporary Restraining Order shall not be effective until Plaintiff deposits $5,000.00 in the registry of the Court.  It is

FURTHER ORDERED that this Temporary Restraining Order is entered without notice to Defendants because doing so would provide Defendants the opportunity to engage in the very conduct that Plaintiff seeks to avoid, i.e. transferring funds out of savings accounts, checking accounts, etc. and selling, conveying, gifting, or otherwise transferring the real and personal property that Defendants purchased with Plaintiff's funds.  It is

FURTHER ORDERED that  this Temporary Restraining Order shall expire within ten (10) days of its issuance, unless extended by the Court for good cause shown.

Dated:  September 25, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge