**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**CIVIL ACTION NO. 06-CV-01877-WYD-CBS**

**THE WEINTRAUB ORGANIZATION, LTD**
**d/b/a WEINTRAUB ENGINEERING,**
**a Pennsylvania corporation,**

**Plaintiff,**

**v.**

**CARISSAMAE MARTINEZ f/k/a CARISSAMAE**
**EVANS and a/k/a CARISSA FREDERICK, an**
**individual, and STEPHEN MARSHALL EVANS, an individual**

**Defendant.**

---

**ORDER FOR PRELIMINARY INJUNCTIVE RELIEF**

---

THIS MATTER comes before the Court on Plaintiff's and Defendant Stephen Marshall Evans' Stipulation regarding Preliminary Injunctive Relief [#36], filed November 3, 2006. The Court having been fully advised in the Premises does hereby order as follows:

1. On September 19, 2006, Plaintiff filed its Verified Complaint for Injunctive Relief and Money Damages, and Jury Demand. At the same time, Plaintiff filed its Motion for Temporary Restraining Order and Request for Forthwith Hearing Regarding Preliminary Injunction.

2. On September 26, 2006, the Court entered a Temporary Restraining Order enjoining Defendants from "transferring Plaintiff's funds out of savings accounts,

checking accounts, etc." and also enjoining Defendants from "selling, conveying, gifting, or otherwise transferring the real and personal property that they purchased with Plaintiff's funds."

3. A hearing was scheduled for October 16, 2006 to determine if the Temporary Restraining Order should be converted into a preliminary injunction.

4. In lieu of the hearing, the Parties stipulate and agree that the Court is authorized to enter a Preliminary Injunction Order. Accordingly, it is

ORDERED as follows:

a. Defendant Stephen Evans is enjoined from selling, conveying, gifting, or otherwise transferring the real property that he owns located at 3900 S. Yampa Street, in Aurora, Colorado (the "Property"), and from refinancing the Property or further encumbering, granting a deed of trust, mortgage or security interest in or against the Property, or otherwise using the Property as collateral to borrow money or secure a loan or other financing of any form other than that certain Promissory Note between Stephen M. Evans and Melissa L. Blea, and First Franklin dated May 25, 2006 in the original principal amount of One Hundred and Ninety Four Thousand and Four Hundred and 00/100 Dollars and the related Deed of Trust of even date therewith, as well as that certain Promissory Note between Stephen M. Evans and Melissa L. Blea, and First Franklin dated May 25, 2006 in the original amount of Forty-Eight Thousand and Six Hundred and 00/100 Dollars and the related Deed of Trust of even date therewith.

b. Defendant Stephen Evans is enjoined from selling, conveying, gifting, or otherwise transferring his 2005 Chevrolet Trailblazer (the "Automobile"), and

from further encumbering or granting a security interest in or against the Automobile, or otherwise using the Automobile as collateral to borrow money or secure a loan or other financing of any form other than the loan secured when Defendant Stephen Evans originally acquired the Automobile.

c. Defendant Stephen Evans is enjoined from selling, conveying, gifting, or otherwise transferring any personal or real property he purchased with Plaintiff's funds.

d. Defendant Stephen Evans is enjoined from selling, conveying, gifting, or otherwise transferring any financial assets of any character or nature, including, but not limited to, any mutual funds, stocks, bonds, options, warrants, or other securities, any promissory notes or other evidence of indebtedness, certificates of deposit, insurance policies and/or annuities, he acquired or purchased, in whole or in part, with Plaintiff's funds.

This Order for Preliminary Injunctive Relief is binding upon the parties until the entry of final judgment and may only be amended upon a showing of good cause.

Dated: November 9, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge